**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JAMIE D'AMICO**

**CIVIL ACTION**

**VERSUS**

**NO. 24-899-JWD-RLB**

**STATE FARM FIRE AND CASUALTY**
**COMPANY *a/k/a* STATE FARM**
**MUTUAL AUTOMOBILE INSURANCE**
**COMPANY**

## <u>RULING AND ORDER</u>

This matter comes before the Court on the *Motion for Summary Judgment* ("*MSJ*") (Doc. 10) filed by Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company ("Defendants" or "State Farm"). Plaintiff Jamie D'Amico ("Plaintiff" or "D'Amico") opposes this motion. (Doc. 12.) Defendants filed a reply. (Doc. 13.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' *MSJ* is granted.

**I.    PRELIMINARY ISSUES**

**A.    Non-Compliance with Local Rules**

At the outset, the Court notes that the *Statement of Contested Facts* ("Opposing Statement") (Doc. 12-1) included in Plaintiff's *Opposition* does not conform to the Local Rules. Local Rule 56(c) provides in relevant part: "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts," which "*shall admit, deny[,] or qualify the facts* by reference to each numbered paragraph of the moving party's statement of material facts." M.D. La. Civ. R. 56(c) (emphasis added). "The opposing

statement may contain in a separately filed section additional facts, each set forth in a separately numbered paragraph *and supported by a record citation . . . .*" *Id.* (emphasis added).

Local Rule 56(f) clarifies that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." M.D. La. Civ. R. 56(f). The sub-section continues: "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement[s] of facts." *Id.*

Here, Plaintiff's Opposing Statement does not admit, deny, or qualify any of the facts contained in the *Statement of Uncontested Material Facts* ("*SUMF*") (Doc. 10-1) included in Defendants' *MSJ*. Nor does the Opposing Statement contain a single citation—to the record or otherwise. By and large, it tracks verbatim the assertions and arguments made in Plaintiff's *Opposition*. (*Compare* Doc. 12, *with* Doc. 12-1.) The Court must therefore agree with Defendants, (*see* Doc. 13 at 3), that the Opposing Statement is rife with arguments and legal conclusions, (*see, e.g.*, Doc. 12-1 at 3, ¶ 11 ("*Res judicata* does not apply because . . . .")).

Consistent with the Local Rules, the Court will disregard Plaintiff's Opposing Statement due to its multiple deficiencies—although, as demonstrated below, the outcome here would not change even if there were support for Plaintiff's contentions. *See* M.D. La. Civ. R. 56(c), (f). And because State Farm's *SUMF* has not been properly controverted, the Court will deem the facts therein admitted for summary judgment purposes. M.D. La. Civ. R. 56(f); *see also* Fed. R. Civ. P. 56(e)(2)–(3) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [or] . . . grant summary judgment

2

if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .").[1]

Finally, the Court observes that Defendants' *SUMF* is not in strict compliance with the Local Rules either. Local Rule 56(b)(1) requires that a statement of material facts be "separate." Here, however, Defendants have combined their *SUMF* and their *Memorandum in Support* of their *MSJ* into one document. (*See* Doc. 10-1.) That said, the *SUMF* is clearly labeled and set off from the brief, and so the Court "finds it sufficiently separate" as to be excusable. *See McGhee v. Fay Servicing, LLC*, No. 21-652, 2023 WL 2335376, at *1 (M.D. La. Mar. 2, 2023) (deGravelles, J.).

### B.    Briefing

Next, the Court flags a related issue: Plaintiff's *Opposition* does not attach any evidence. It does not contain a single record citation. It does not contain a single case citation. And it references—but makes exceedingly limited use of—just two authorities: Louisiana Revised Statutes § 13:4231 and Louisiana Code of Civil Procedure article 425. (*See* Doc. 12.) Local Rule 7(f) requires that a memorandum in opposition to a motion "include *appropriate citations* to direct the Court to specific references within the supporting material." M.D. La. Civ. R. 7(f). Likewise, a party opposing a motion must cite any authorities upon which she has relied. *See id.*[2]

---

[1] *See, e.g.*, *CMFG Life Ins. Co. v. Lee*, No. 20-157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.) ("[T]his Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at h[er] own peril." (cleaned up)); *Lemings v. Taylor*, No. 18-768, 2021 WL 2585920, at *1 & n.1 (M.D. La. June 23, 2021) (Jackson, J.) ("Plaintiffs' recitation of 'facts in dispute' is deficient[] and will be disregarded."); *McGhee v. Fay Servicing, LLC*, No. 21-652, 2023 WL 2335376, at *2 (M.D. La. Mar. 2, 2023) (deGravelles, J.) ("[B]ecause Plaintiffs' statement of material facts is not supported by citations to the record, the Court need not consider it." (internal citation omitted)); *Sanford v. Kirst*, No. 21-347, 2023 WL 4052957, at *1 (M.D. La. June 16, 2023) (deGravelles, J.) ("[S]ome of Plaintiff's responses are replete with legal conclusions . . . ."); *see also McGhee*, 2023 WL 2335376, at *1 ("Plaintiffs failed to properly controvert [Defendants' factual assertions] . . . . [T]he facts set forth in Defendants' supporting statement . . . are deemed admitted for summary judgment purposes."); *Slaughter v. Exxon Mobile Corp.*, No. 23-1642, 2026 WL 222535, at *1 (M.D. La. Jan. 28, 2026) (Dick, C.J.) ("Plaintiff failed to comply with the [local] rules by failing to admit, deny, or qualify any of Defendant's offered statements of fact.").

[2] *See also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (finding that a party had "waived its claims on the merits" by "offer[ing] only repeat conclusory assertions" and "failing to offer any

Nevertheless, the Court has considered the record evidence in order to ascertain whether there is a genuine issue of material fact. *See Braud v. Wal-Mart Stores, Inc.*, No. 17-320, 2019 WL 3364320, at *4 (M.D. La. July 25, 2019) (deGravelles, J.) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998)); *see also Slaughter v. Exxon Mobile Corp.*, No. 23-1642, 2026 WL 222535, at *2 (M.D. La. Jan. 28, 2026) (Dick, C.J.) ("To the extent Plaintiff directed the Court in her opposition memorandum to specific, countervailing summary judgment evidence demonstrating genuine disputes of material fact as to claims that are properly before the Court, the Court will consider same."). The Court is satisfied that summary judgment is appropriate here. And it reiterates that the outcome would not change even if the Court were to accept as true all facts and arguments contained in Plaintiff's *Opposition*. In any event, both parties are hereby reminded to consult the Local Rules—and to follow them closely.

## II.    RELEVANT BACKGROUND

### A.    Factual Background

With that, the Court turns to the facts of this case. On October 11, 2018, Plaintiff filed suit against Henry White and GEICO Casualty Company ("GEICO") in the 24th Judicial District Court ("JDC"), Parish of Jefferson, for damages allegedly suffered in an automobile accident which occurred on or about October 15, 2017. (Doc. 10-1 at 4, ¶ 1; *see also* Doc. 10-5 at 1–2.) On August 16, 2019, Plaintiff added as a defendant her uninsured/underinsured motorist ("UM") carrier, State Farm. (Doc. 10-1 at 4–5, ¶ 2; *see also* Doc. 10-6 at 1.) Neither the original petition nor the first amended petition alleged bad faith on the part of State Farm. (Doc. 10-1 at 5, ¶ 3.) On March 4,

---

supporting argument or citation to authority" (citing Fed. R. App. P. 28(a)(8))); *id.* ("To avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases.'" (citations omitted)); *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Nichols has failed to provide any evidence—or any legal argument beyond bare assertions . . . . Where analysis is so deficient, this court has considered the issue waived for inadequate briefing."); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) ("Southern cites no authority in its one-page argument . . . , and we consider the challenge abandoned for being inadequately briefed." (citing *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993); Fed. R. App. P. 28(a)(5))).

2024, Plaintiff sought to amend her petition a second time in order to add such claims of bad faith, but the trial court denied her motion to do so. (*Id.* ¶ 4; *see also* Doc. 10-7 at 4–6.)

On September 16, 2024, Plaintiff filed a second suit against "State Farm Fire and Casualty Company, a/k/a State Farm Mutual Automobile Insurance Company," this time in the 19th Judicial District Court, Parish of East Baton Rouge. (Doc. 10-1 at 5, ¶ 5; *see also* Doc. 10-2 at 1.) She alleged bad faith in connection with the same October 15, 2017, automobile accident as gave rise to the first suit. (Doc. 10-1 at 5, ¶ 5; *see also* Doc. 10-2 at 1–2.)

On October 7, 2024, the first suit proceeded to jury trial against State Farm only. (Doc. 10-1 at 5, ¶ 6.) That trial concluded on October 10, 2024. (*Id.*) "[J]udgment was rendered against [State Farm], and a written judgment was signed by [the] presiding judge . . . on December 5, 2024." (*Id.* at 6, ¶ 7; *see also* Doc. 10-3 at 1–2.) "A Satisfaction of Judgment was . . . filed by counsel [for the parties] on December 14, 2024." (Doc. 10-1 at 6, ¶ 7; *see also* Doc. 10-4 at 1.)

## B.    Procedural Background

On October 30, 2024, State Farm removed the second suit (originating in the 19th JDC) to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1 at 1–2.) The relevant petition states that, on or about October 15, 2017, Plaintiff "suffered severe, painful and debilitating personal injuries as the result of a motor vehicle accident wherein she was not at fault and the at[-]fault driver/vehicle was underinsured." (Doc. 1-1 at 1, ¶ II.) According to the petition, State Farm "made unconditional tender payments" until January 13, 2023; when, on September 5, 2024, Plaintiff requested a new unconditional tender for medical expenses incurred after December 2022, State Farm's counsel "formally denied" the request and "refuse[d] to make any further unconditional tenders." (*Id.* at 1–2, ¶¶ IV, VI–VII.) Plaintiff alleges that State Farm's refusal "constitutes a bad

faith breach of [its] contractual and statutory obligations[,] giving rise to a new and additional cause of action for punitive damages." (*Id.* at 2, ¶¶ VIII–IX (citing La. R.S. §§ 22:1892, 22:1973).)

State Farm now moves for summary judgment, arguing that *res judicata* bars the instant litigation because Plaintiff's claims were "extinguished by the judgment" entered in the first suit (in the 24th JDC) on December 5, 2024. (Doc. 10 at 1–2; *see also* Docs. 10-3, 10-4.)

## III.   SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)).

If the movant bears its burden of showing that there is no genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citations omitted) (quoting Fed. R. Civ. P. 56(e)). The nonmovant's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (cleaned up); *see also* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials

6

. . . ."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The court "resolve[s] factual controversies in favor of the nonmoving party . . . only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis omitted) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up). Further:

> In resolving the motion [for summary judgment], the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citations omitted).

## IV.   PARTIES' ARGUMENTS

### A.   Defendants' *MSJ* (Doc. 10)

State Farm first observes that, because this Court sits in diversity, it must "appl[y] the preclusion law of the state in which the judgment was rendered." (Doc. 10-1 at 9 (quoting *Gray Ins. Co. v. Concentra Integrated Servs., Inc.*, No. 9-399, 2010 WL 5298763, at *4 (M.D. La. Aug. 24, 2010), *report and recommendation adopted*, 2010 WL 5298180 (M.D. La. Dec. 20, 2010)).) In Louisiana, La. R.S. § 13:4231 and La. Code Civ. P. art. 425 concern *res judicata*. (*Id.* at 10.) The former provides that "a valid and final judgment is conclusive between the parties" and that, "[i]f the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are

extinguished and merged into the judgment." (*Id.* (quoting La. R.S. § 13:4231).) The latter requires a party to "assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." (*Id.* (quoting La. Code Civ. P. art. 425(A)).)

The Louisiana Supreme Court has explained that La. R.S. § 13:4231 carries five requirements: (1) the judgment must be valid, (2) the judgment must be final, (3) the parties must be the same, (4) the cause(s) of action in the second suit must have existed at the time when final judgment was entered in the first suit, and (5) the cause(s) of action in the second suit must have arisen out of the transaction or occurrence that was the subject matter of the first suit. (*Id.* (citing *Chevron U.S.A., Inc. v. State*, 2007-2469 (La. 9/8/08), 993 So. 2d 187, 194).)

Here, State Farm says, requirements (1)–(3) "are clearly satisfied." (*Id.* at 11.) There was a valid, final judgment in the first suit, which involved the same parties. (*Id.*) State Farm argues that requirement (4) is also satisfied because the present claims of bad faith "would have existed prior to trial in October of 2024 and existed when judgment was rendered [in the first suit] in December of 2024." (*Id.*) That Plaintiff sought to "amend her petition in March of 2024 to add new allegations of 'bad faith'"—and that she subsequently filed a second suit in the 19th JDC—confirms State Farm's position. (*Id.*) Finally, State Farm avers that the instant litigation arises out of the same transaction or occurrence, *viz.*, the October 15, 2017, automobile accident. (*Id.*) State Farm therefore requests that the Court dismiss Plaintiff's claims as barred by *res judicata*. (*Id.*)

## B.    Plaintiff's *Opposition* (Doc. 12)

Plaintiff asserts that State Farm's recitation of the facts is "fatally incomplete." (Doc. 12 at 1.) She then re-alleges that, on September 10, 2024, State Farm "formally denied" her "request for

8

a new tender/payment for Special and General Damages." (*Id.* at 2.)[3] Plaintiff argues that State Farm's decision to stop honoring the requests for payment gave rise to "a new and discre[te] cause of action." (*Id.*) The underlying transaction or occurrence was the non-payment of Plaintiff's "Special . . . and General Damages pursuant to her U/M Insurance Policy with State Farm." (*Id.* at 3.) Plaintiff acknowledges that, in the first suit, she sought to amend her petition a second time—to add the claims which she now brings against State Farm. (*Id.* at 3.) She contends that, because the 24th JDC denied her motion, her "only legal remedy" was to bring this second suit. (*Id.* at 4.)

## C.    Defendants' *Reply* (Doc. 13)

State Farm responds that Plaintiff "had plenty of time to seek a writ of review" of the denial of her motion for leave to amend her petition a second time. (Doc. 13 at 4 (citing Doc. 13-2 at 26).) The motion was denied on March 4, 2024; "trial did not commence until October 7, 2024." (*Id.*)

State Farm reiterates that Plaintiff's current claims arose out of the same transaction or occurrence as gave rise to the first suit. (*See id.* at 5.) State Farm points to *Dotson v. Atlantic Specialty Insurance Co.*, where the district court determined that the plaintiff could not bring a claim of bad faith in a second suit because such claim arose out of the plaintiff's "damages in the [automobile] accident and [the defendant's] failure to pay under its UM policy." (*Id.* at 5–6 (quoting *Dotson v. Atl. Specialty Ins. Co.*, No. 20-2274, 2021 WL 1840423, at *4 (E.D. La. May 7, 2021)).) Likewise, State Farm cites *Ruckman v. USAA Casualty Insurance Co.*, where the district court posited that "a claim for bad faith against an insurer must be brought in the same suit as the underlying UM claim." (*Id.* at 7 (quoting *Ruckman v. USAA Cas. Ins. Co.*, No. 19-1288, 2019 WL 5963788, at *2 (E.D. La. Nov. 13, 2019)).)

---

[3] The *Opposition* also repeatedly asserts that State Farm changed its conduct (i.e., by denying Plaintiff's requests) "beginning in January of 2024." (Doc. 12 at 1–3.) Absent some record citation or evidence to the contrary, the Court presumes that the *Opposition* is actually referring to January 2023, which, according to the petition, is the last time when State Farm honored one of Plaintiff's requests for unconditional tender. (*See* Doc. 10-2 at 1–2, ¶¶ IV–VII.)

## V.    DISCUSSION

### A.    Applicable Law

"In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (per curiam) (citing, *inter alia*, *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985)); *accord St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) ("Under [28 U.S.C. § 1738], a federal court must refer to the preclusion law of the state in which judgment was rendered."). Here, because a Louisiana court (i.e., the 24th JDC) entered the relevant judgment, Louisiana's preclusion law applies.

"Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:"

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. R.S. § 13:4231.

From this section, the Louisiana Supreme Court has identified "five elements that must be satisfied for a finding that a second action is precluded by res judicata: '(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the

10

subject matter of the first litigation.'" *Chevron*, 993 So. 2d at 194 (quoting *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053).

Whether a second suit is barred by *res judicata* is chiefly a question of "whether [it] asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Burguieres*, 843 So. 2d at 1053 (citing *Avenue Plaza, L.L.C. v. Falgoust*, 96-0173 (La. 7/2/96), 676 So. 2d 1077, 1080). Courts determine "on a case-by-case basis" what constitutes the "transaction or occurrence . . . that is the subject matter of the litigation." *Hy-Octane Invs., Ltd. v. G & B Oil Prods., Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So. 2d 1057, 1060. But generally, "[a]ll logically related events entitling a person to institute legal action against another [person] . . . are regarded as comprising a 'transaction or occurrence.'" *Id.* (citing *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 146–47 (6th Cir. 1969)).

The Louisiana Supreme Court has emphasized that "[t]he doctrine of res judicata cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question." *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So. 2d 1210, 1215 (citing, *inter alia*, *Hancock v. Lincoln Am. Life Ins. Co.*, 278 So. 2d 561 (La. App. 1 Cir. 1973)); *see also St. Paul Mercury Ins.*, 224 F.3d at 437 (citing *Greer v. State*, 616 So. 2d 811, 815 (La. App. 2 Cir. 1993)) ("[T]he party urging res judicata has the burden of proving each essential element by a preponderance of the evidence."). "[A]ny doubt regarding compliance with" the five requirements must be resolved against the application of *res judicata*. *Siemens Water Techs. Corp. v. Revo Water Sys., LLC*, 2013-631 (La. App. 3 Cir. 1/8/14), 130 So. 3d 473, 476 (quoting *Brouillard v. Aetna Cas. & Sur. Co.*, 94-1559 (La. App. 3 Cir. 5/10/95), 657 So. 2d 231, 233).[4]

---

[4] *Accord Domingue ex rel. Domingue v. Allied Disc. Tire & Brake, Inc.*, 2002-1338 (La. App. 1 Cir. 5/9/03), 849 So. 2d 690, 695 ("The doctrine of *res judicata* is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved."), *writ denied*, 2003-1605 (La.

### B.    Analysis

The Court agrees with State Farm that Plaintiff's first and second suits arise out of the same transaction or occurrence. Here, *Dotson* is highly instructive, if not controlling outright.

Following an automobile accident, the *Dotson* plaintiff ("Dotson") filed suit against, *inter alia*, his employer's UM carrier, ASIC. *Dotson*, 2021 WL 1840423, at *1. Ultimately, Dotson and ASIC settled, after which Dotson filed a second suit "seeking bad faith penalties and damages against ASIC." *Id.* The district court granted ASIC's motion for summary judgment on the claim of bad faith, reasoning that it was barred by *res judicata* because Dotson had already "settled and released all claims against ASIC arising out of the January 2015 accident." *Id.* at *2–3, *6. Applying Louisiana law, the court found that both of Doston's suits against ASIC "arose out of . . . [his] damages in the [automobile] accident and ASIC's failure to pay under its UM policy." *Id.* at *4; *see also id.* at *5 (citing *Kosak v. La. Farm Bureau Cas. Ins. Co.*, 2020-0222 (La. App. 1 Cir. 12/10/20), 316 So. 3d 522, 530) (concluding that "the contract claim and the bad faith claim against ASIC [we]re intertwined and center[ed] around the same set of operative facts and . . . arose out of the same transaction or occurrence"); *id.* ("[A] claim for bad faith against an insurer must be brought in the same suit as the underlying UM claim. An attempt by a plaintiff to file suit on a bad faith claim after an adjudication of the underlying UM claim would be subject to dismissal under . . . *res judicata*." (citations omitted) (quoting *Ruckman*, 2019 WL 5963788, at *2)).

Dotson appealed to the Fifth Circuit, "stressing" that his claim of bad faith was separate because it was "based upon a distinct set of legal obligations" on ASIC's part. *See Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1004 (5th Cir.), *cert. denied*, 143 S. Ct. 102 (2022).[5] The Fifth

---

10/3/03), 855 So. 2d 320; *St. Paul Mercury Ins.*, 224 F.3d at 437 ("When determining if res judicata applies, Louisiana courts have narrowly construed the doctrine's scope. Any doubt as to compliance with the requirements of res judicata is to be resolved in favor of maintaining the second action." (citations omitted)).

[5] State Farm's *Reply* fails to mention that *Dotson* was appealed. (*See* Doc. 13 at 5–8.)

Circuit observed that "Louisiana 'provides a broad application of res judicata to foster judicial efficiency and [to] protect litigants from duplicative litigation.'" *Id.* at 1003 (quoting *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 810 (5th Cir. 2000)). Focusing on whether the instant litigation arose out of the same transaction or occurrence as gave rise to the first suit, the Fifth Circuit agreed with the district court that the operative facts—"Dotson's damages from the accident, the coverage he was entitled to under [the UM] policy, and [ASIC's] response to Dotson's claim for coverage"—were the same in both the earlier case and the instant case. *Id.* at 1004 (citing *Kosak*, 316 So. 3d at 530; *Spear v. Prudential Prop. & Cas. Ins. Co.*, 98-1663 (La. App. 4 Cir. 1/13/99), 727 So. 2d 640, 643).

The Fifth Circuit readily acknowledged that La. R.S. §§ 22:1892 and 22:1973 "impose[d] duties on [ASIC] that [we]re 'separate and distinct from its duties under the insurance contract.'" *Id.* (quoting *Wegener v. Lafayette Ins. Co.*, 2010-0810 (La. 3/15/11), 60 So. 3d 1220, 1229). But as the court explained, the applicability of *res judicata* turned on whether the first and second actions arose out of the same transaction or occurrence, not whether the causes of action were themselves the same. *Id.* (citations omitted). The Fifth Circuit therefore affirmed the district court's grant of summary judgment on *res judicata* grounds. *Id.* at 1004–05.

Based on the arguments and submissions of the parties, this case is essentially on all fours with *Dotson*. Following an automobile accident on October 15, 2017, D'Amico sued State Farm, her UM carrier, in the 24th JDC. (*See* Doc. 10-6 at 1–2.) That case proceeded to trial on October 7, 2024; the jury found in favor of D'Amico, and the presiding judge entered judgment to that effect on December 5, 2024. (Doc. 10-3 at 1–2.) The parties filed a satisfaction of judgment on December 14, 2024. (Doc. 10-4 at 1.) Meanwhile, on September 16, 2024, D'Amico filed a second suit against State Farm, this time in the 19th JDC. (Doc. 10-1 at 5, ¶ 5.) D'Amico's second petition

13

alleged that State Farm violated La. R.S. §§ 22:1892 and 22:1973 (i.e., that State Farm acted in bad faith) when it denied D'Amico's request for payment of various medical expenses associated with injuries which she sustained during the October 15, 2017, automobile accident. (Doc. 10-2 at 1–2, ¶¶ II, VI–IX.) State Farm removed the second suit to this Court on October 30, 2024, (Doc. 1-1 at 1), and now moves for summary judgment, invoking *res judicata*, (Doc. 10 at 1–2).

D'Amico does not dispute that the judgment in the first suit is valid and final, that the parties are the same in both suits, or that the cause of action asserted in the second suit existed at the time when final judgment was entered in the first suit. *See Chevron*, 993 So. 2d at 194. She contends only that her claims of bad faith arise out of a separate transaction or occurrence—that, "beginning in January of 2024," State Farm changed its conduct by refusing to honor her requests for payment. (Doc. 12 at 2.) Notably, D'Amico has submitted no evidence in support of this contention. (*See id.*) Nor does the Court find any support in the record. *See also Little*, 37 F.3d at 1075 ("Th[e] [nonmovant's] burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." (cleaned up)); *id.* ("We do not, . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." (emphasis omitted)).

But even if D'Amico is correct that State Farm stopped paying her requests in January 2024, her claims of bad faith nevertheless arise out of the same transaction or occurrence as gave rise to her first suit. In other words, "the two actions brought by [D'Amico] are 'intertwined and center around the same set of operative facts,' namely, [D'Amico's] damages from the accident, the coverage [s]he was entitled to under [the UM] policy, and [State Farm's] response to [D'Amico's] claim for coverage." *See Dotson*, 24 F.4th at 1004 (quoting *Dotson*, 2021 WL 1840423, at *5). "Indeed, Louisiana courts have found that similar types of bad faith claims are

14

factually intertwined with the underlying contract claim." *Id.* (citing *Kosak*, 316 So. 3d at 530; *Spear*, 727 So. 2d at 643); *see also Ruckman*, 2019 WL 5963788, at *2 ("An attempt by a plaintiff to file suit on a bad faith claim after an adjudication of the underlying UM claim would be subject to dismissal under the doctrine of *res judicata*." (citations omitted)); *see also Koch v. Liberty Mut. Fire Ins. Co.*, 639 F. Supp. 3d 895, 901 (D. Neb. 2022) (collecting cases).

D'Amico stresses that she brought a "Contractual Claim" in the first suit and a "Tort Claim" in the second. (*See* Doc. 12 at 3 (emphasis in original); *see also id.* ("[T]he initial suit was based upon the transaction or occurrence of a contractual claim . . . and the new[,] instant suit is based upon the transaction or occurrence of a tort claim . . . .").) *Dotson* squarely addresses this argument, too: While "Louisiana's bad faith statutes impose duties on [State Farm] that are 'separate and distinct from its duties under the insurance contract,'" the central inquiry here is whether the actions arise out of the same transaction or occurrence. *See Dotson*, 24 F.4th at 1004 (quoting *Wegener*, 60 So. 3d at 1229). Again, they do, and so "this action remains barred by res judicata."[6] *Id.* There is, in other words, no genuine dispute that *res judicata* applies here.

---

[6] D'Amico does not argue exceptional circumstances, nor does this Court discern any. *See also Spear*, 727 So. 2d at 643 (explaining that La. R.S. § 13:4232 "is not intended to apply in [a] case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation" (citation omitted)); *Dotson*, 24 F.4th at 1005 (finding that Dotson's case did not involve "the type of 'complex procedural situation or . . . unanticipated quirk in the system' that would render [it] . . . 'truly exceptional'" (quoting *Oleszkowicz v. Exxon Mobil Corp.*, 2014-0256 (La. 12/9/14), 156 So. 3d 645, 647)). The relevant undisputed facts are that (1) D'Amico unsuccessfully sought leave to amend her petition a second time in March 2024, (Doc. 10-7 at 1–2; Doc. 13-2 at 1, 23–24); (2) D'Amico apparently did not seek appellate review of this denial (i.e., by applying for a supervisory writ), but rather brought a second case some six months later, in September 2024, (Doc. 10-1 at 5, ¶ 5; Doc. 10-2 at 1–3); and (3) the first case did not proceed to trial until October 2024, (Doc. 10-3 at 1).

To the extent that the denial of D'Amico's motion for leave to amend distinguishes this case from *Dotson*, *see* 24 F.4th at 1005, it does so by strengthening the basis for *res judicata*. The fact that D'Amico moved to amend some seven months before trial reveals that she was aware of the claims of bad faith and therefore could—and should—have pressed them in the first suit. In other words, D'Amico was necessarily "on notice of all the facts [s]he alleges give rise to h[er] present bad faith claim during the pendency of the [first] [a]ction." *See Dotson*, 2021 WL 1840423, at *6; *Dotson*, 24 F.4th at 1005; *see also Hartkopp v. State Farm Fire & Cas. Co.*, 744 F. Supp. 3d 1214, 1219–20 (D. Colo. 2024) ("Plaintiff had the information needed to bring the bad faith claims in the first lawsuit but failed to timely assert them. To the extent that Plaintiff disagreed, the proper vehicle to challenge this determination was an appeal."). After considering the relevant factors, the presiding judge in the first suit denied D'Amico's motion to amend. (Doc. 13-2 at 23–24 (citing La. Code Civ. P. 1151; *Stockstill v. C.F. Indus., Inc.*, 94-2072 (La. App. 1 Cir. 12/15/95), 665

15

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 10) filed by State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company, is **GRANTED**. Plaintiff's claims against Defendants will be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on <u>May 26, 2026</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

So. 2d 802, 810).) Again, D'Amico apparently did not seek appellate review of this denial. *See, e.g.*, *Wadick v. Gen. Heating & Air Conditioning, LLC*, 2014-0187 (La. App. 4 Cir. 7/23/14), 145 So. 3d 586, 592 ("The denial of a motion for leave to file an amended petition is an interlocutory judgment that is not subject to being designated as final . . . . The proper procedural device to seek review . . . is an application for supervisory writ." (quotation omitted)).

16